967 F.2d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Jay PICKREL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
James PICKREL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marven Ellis BROXSON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Danny Lee ENDICOTT, Defendant-Appellant.
 Nos. 91-30062, 91-30064, 91-30304 and 91-30066.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1992.*
Decided June 2, 1992.
 
 Before CYNTHIA HOLCOMB HALL, O'SCANNLAIN and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph Pickrel, James Pickrel, Marven Broxson, and Danny Endicott were arrested and charged with various crimes relating to the manufacture, possession, and distribution of methamphetamine. In exchange for the government's promise to recommend leniency at sentencing, Endicott agreed to testify against his coconspirators and pleaded guilty to one count of conspiring to manufacture methamphetamine, for which he received a sentence of probation. Shortly thereafter, Endicott's three codefendants entered conditional guilty pleas to one count each of conspiring to manufacture and distribute methamphetamine, for which they received substantial prison sentences. Endicott's probation was later revoked and he also was sentenced to prison.
 
 
 3
 On appeal the defendants have raised a host of issues, arguing, inter alia, that the district court erred by holding that methamphetamine is a controlled substance, by denying motions to suppress evidence seized as the result of unlawful searches, and by imposing unlawful sentences. We affirm the convictions and uphold the sentences.[1]
 
 I. 91-30062--Joseph Pickrel
 
 4
 The gist of Joseph Pickrel's first argument is that, because methamphetamine is a lawful ingredient of certain over-the-counter drugs, he should not have been subjected to prosecution for the unlawful manufacture and distribution of a controlled substance. We have repeatedly rejected this argument. See, e.g., United States v. Housley, 955 F.2d 622, 623 (9th Cir.1992) (per curiam); United States v. Durham, 941 F.2d 886, 889-90 (9th Cir.1991); United States v. Caperell, 938 F.2d 975, 978-79 (9th Cir.1991).
 
 
 5
 Joseph Pickrel next argues that the so-called 311 Riddle search was invalid because the authorities lacked probable cause therefor. We disagree. The lengthy affidavit in support of the search warrant sets out in detail the long train of facts leading to the authorities' suspicion of his activities. Moreover, Pickrel does not clearly identify what, if any, misstatements or omissions in the affidavit show a lack of "a substantial basis for [the magistrate's] conclu[sion] that the affidavit in support of the warrant established probable cause." See United States v. Hernandez, 937 F.2d 1490, 1494 (9th Cir.1991) (per curiam). Accordingly, it cannot be said that there was no substantial basis for the magistrate's determination that the affidavit established probable cause for the issuance of the 311 Riddle search warrant.
 
 
 6
 Joseph Pickrel also contends that the search warrant's listing of property subject to search and seizure was overbroad, and this defect could not be cured because the authorities failed to act in good faith. On the contrary, the warrant plainly identifies the premises to be searched, and goes to great lengths to specify the subject matter of the search. The search warrant does not suffer from terminal overbreadth.[2] See United States v. Schmidt, 947 F.2d 362, 371-73 (9th Cir.1991).
 
 II. 91-30064--James Pickrel
 
 7
 James Pickrel's initial argument is that the first search warrant executed at his Tiller Trail residence was overbroad because it authorized the executing officers to search "any vehicles" on the premises. We reject this contention. Detective McLain's affidavit pointed out, inter alia, that individuals involved in the illegal manufacture of methamphetamine often transport the drugs using whatever vehicles may be on hand, that both James Pickrel and a pick-up truck, subsequently identified as belonging to him, had been observed at a rural drug lab, and that the truck reeked of methamphetamine. The district court did not err on this point.
 
 
 8
 James Pickrel's argument that the executing officers exceeded the scope of their search warrant, which only authorized them to search the Tiller Trail residence, is equally meritless. Although the district court held that the term "residence" did not include "outbuildings", the judge went on to note that the warrant authorized the search of any "vehicles" found on the property. The outbuilding in question contained the appellant's truck and a horse trailer, both of which unquestionably qualify as "vehicles". Indeed, to hold as the appellant urges would require "residence" and "vehicles" to be read in such strict conjunction that, practically speaking, only a vehicle found inside the residence would be subject to search. There was no error on this point.
 
 
 9
 James Pickrel contends that no probable cause existed to support the second search of his residence because, inter alia, the search warrant's supporting affidavit contained no new information regarding the appellant's criminal activities subsequent to the initial search. Although it is a close question, the affidavit does contain information obtained after the first search, information which ties him to the methamphetamine ring.
 
 
 10
 In addition, the affidavit discusses both the length of time in which evidence of drug trafficking may remain at a location, and that such evidence is likely to be found in, e.g., homes, businesses and cars. This is less a problem of staleness, as argued by the parties, than it is a question of an ongoing activity. Cf. United States v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir.1986) ("With respect to drug trafficking, probable cause may continue for several weeks, if not months, of the last reported instance of suspect activity"). In light of these considerations, the district court's finding of probable cause was not erroneous.
 
 
 11
 James Pickrel next argues that the second Tiller Trail search warrant was overbroad, due to a lack of sufficient particularity. With the exception of the identification of the place to be searched, the language of the so-called Tiller Trail II warrant is virtually identical to that of the 311 Riddle warrant unsuccessfully challenged by Joseph Pickrel. Accordingly, and for the reasons already set forth above, this contention must fail.
 
 
 12
 James Pickrel's argument that the evidence admitted against him was obtained in violation of state law must also be rejected. See United States v. Chavez-Vernaza, 844 F.2d 1368, 1373 (9th Cir.1988) (as amended) ("[T]he admissibility of evidence in federal court is governed by federal rather than state standards"). Accord, United States v. Davis, 932 F.2d 752, 758 (9th Cir.1991) ("[T]he validity of a search conducted by state law enforcement officers is ultimately a question of federal law").
 
 III. 91-30066--Marven Broxson
 
 13
 Marven Broxson argues, inter alia, that the district court erred by denying him a four-point reduction in the calculation of his offense level, based on Broxson's contention that he was only a minimal participant in the conspiracy to manufacture and distribute methamphetamine. We disagree.
 
 
 14
 A defendant's offense level may be decreased by four levels "[i]f the defendant was a minimal participant in [the] criminal activity". U.S.S.G. § 3B1.2(a) (Nov.1990). Examples of minimal participation would be "someone who played no other role in a very large drug smuggling operation than to offload part of a single [drug] shipment, or ... an individual ... recruited as a courier for a single smuggling transaction involving a small amount of drugs." Id., comment. (n. 2).
 
 
 15
 The record shows that Broxson's degree of involvement in the drug ring was both continuous and long-term, and considerably more extensive than either of the two examples cited. Accordingly, his participation in the offense charged cannot be characterized as minimal. Cf. United States v. Deeb, 944 F.2d 545, 547-48 (9th Cir.1991) (record did not support defendant's contention that his ignorance and low-level participation in crime charged entitled him to reduction of offense level), cert. denied, 112 S.Ct. 1597 (1992).
 
 
 16
 Broxson also contends that he did not know about the quantity of drugs seized at James Pickrel's residence, and this ignorance bars him from being held accountable for the full amount of drugs involved in the conspiracy. We reject this argument.[3]
 
 
 17
 "If a defendant is convicted of a conspiracy ... involving a controlled substance, the offense level shall be the same as if the object of the conspiracy ... had been completed." U.S.S.G. § 2D1.4 (Nov.1990). Illustration e to U.S.S.G. § 1B1.3, comment. (n. 1), which is applicable to section 2D1.4, provides an example of the kind of situation in which a defendant convicted of a drug conspiracy should not be held accountable for the full extent of that conspiracy's activities. The record shows that Broxson's involvement in the facts of this case goes well beyond that kind of limited activity. Accordingly, the district court did not err by holding him accountable for the full amount of the methamphetamine involved in the conspiracy. See United States v. Aichele, 941 F.2d 761, 766 (9th Cir.1991). Cf. United States v. Johnson, 956 F.2d 894, 906-907 (9th Cir.1992) (applying limitation of U.S.S.G. § 1B1.3, comment. (n. 1), to minor participant in conspiracy who was in police custody at time of subsequent acts of coconspirators).
 
 IV. 91-30304--Danny Endicott
 
 18
 Danny Endicott first argues that, by virtue of the court having granted the government's initial request for a downward departure pursuant to U.S.S.G. § 5K1.1, the sentence subsequently imposed (viz., for probation violation) was excessive. We disagree.
 
 
 19
 The district court originally sentenced Endicott to a period of probation subject to conditions mandated by 18 U.S.C. § 3563(a)(3). However, whenever a defendant so sentenced "is [subsequently] found by the court to be in possession of a controlled substance, thereby violating the condition imposed by section 3563(a)(3), the court shall revoke the sentence of probation and sentence the defendant to not less than one-third of the original sentence." 18 U.S.C. § 3565(a) (emphasis added).
 
 
 20
 We recently held that a defendant who violated his probation by possessing methamphetamine was subject to resentencing to prison for a period of not less than one-third of the amount of his probationary term, i.e., "original sentence" under section 3565(a) means the period of probation to which the court actually sentenced the defendant, and not the amount of time to which the defendant originally could have been imprisoned under the Sentencing Guidelines. United States v. Corpuz, 953 F.2d 526, 529 (9th Cir.1992) (defendant, originally sentenced to three years' probation instead of prison, resentenced to one year in prison, i.e., one-third of probationary term). Because Endicott's four-year prison sentence is "not less than one-third of the original sentence" of five years' probation, the district court did not err in ruling as it did.[4] See id.
 
 
 21
 Endicott's argument that the district court improperly weighed conduct outside the scope of the order to show cause is equally meritless. The show cause order placed him on notice that he had violated a condition of his probation; he consented to the search of his vehicle which revealed both methamphetamine and a substance to mask the presence of methamphetamine in urine; he does not dispute the fact that his urinalysis tests indicated the presence of methamphetamine; he admitted to the arresting officers that he had been purchasing and using methamphetamine within a month of his release on probation the previous year; and he admitted in open court to possessing and using methamphetamine.
 
 
 22
 In light of these considerations, the district court's finding that "there's possession for use, but not for distribution" as a ground for revoking probation was not clearly erroneous. For these same reasons, we also find that the evidence was sufficient to show that Endicott violated a condition of his probation by possessing and using methamphetamine.
 
 
 23
 Because we find no merit to any of the appellants' remaining arguments, the convictions and sentences appealed from are all AFFIRMED.
 
 
 
 *
 Submitted on the briefs and records as to No. 91-30304 only. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 By our count the appellants have raised at least fourteen separate and distinct issues in this consolidated appeal, a total that does not include issues arising out of motions originally presented by one defendant and joined in by one or more codefendants. In light of this overlap, and because we find no merit to any of the appellants' arguments, we decline to discuss the specifics of every issue raised by each appellant
 
 
 [2]
 By holding as we do, we need not and do not reach the merits of the appellant's argument that the executing officers lacked good faith, nor of the government's contentions that (1) the overbreadth issue is moot because only admissible evidence was seized, (2) the warrant was not overbroad in any event, and (3) the officers acted in good faith
 
 
 [3]
 By reaching the merits of this argument, we necessarily decline to discuss the government's contention that Broxson lacks standing to challenge the searches of either James or Joseph Pickrel's residences on the ground of a lack of any privacy expectation on Broxson's part
 
 
 [4]
 Even viewed as an upward departure, however, the sentence imposed was not unlawful: the district court had the authority to act as it did, there was no clear error in its findings supporting the existence of the relevant circumstances (viz., that Endicott had possessed methamphetamine while on probation), and the extent of the departure was reasonable. See United States v. Pascucci, 943 F.2d 1032, 1038 (9th Cir.1991)