122 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James S. BROOKS, Defendant-Appellant.
 No. 96-10478.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Decided Sept. 3, 1997.
 
 Appeal from the United States District Court for the District of Guam, No. CR-96-00046; Alfred T. Goodwin, United States Circuit Judge, Sitting by Designation.
 Before: SCHROEDER, FERNANDEZ and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James S. Brooks appeals pro se his 24-month sentence imposed following a guilty plea to interstate transportation of stolen moneys in violation of 18 U.S.C. 2314. Brooks contends that the government breached the plea agreement and that the district court erred by applying upward adjustments for more than minimal planning under U.S.S.G. § 1B1.1 and for abuse of position of trust under § 3B1.3. We have jurisdiction pursuant to 28 U.S.C. 1291, and we affirm.
 
 
 3
 We review the district court's interpretation of the Sentencing Guidelines de novo, and the application of the Guidelines to the facts for abuse of discretion. See United States v. Robinson, 94 F.3d 1325, 1327 (9th Cir.1996). We review the factual findings underlying the sentencing decision for clear error. See id.
 
 1. Breach of Plea Agreement
 
 4
 Brooks contends that the government breached the plea agreement by failing to recommend that he receive the minimum term of incarceration set forth in the Sentencing Guidelines. Brooks did not: raise this contention in the district court. Accordingly, the claim is not properly before this court.[1] See United States v. Flores-Payon, 942 F.2d 556, 560 (9th Cir.1991) (holding that claims pertaining to breach of plea agreement will not generally be considered for the first time on appeal).
 
 2. More than Minimal Planning
 
 5
 Brooks contends that the district court erred by applying a two-level upward adjustment for more than minimal planning under U.S.S.C. § 1B1.1 because he committed a single simple offense which involved no planning. We disagree.
 
 
 6
 " 'More than minimal planning' means more planning than is typical for commission of the offense in a simple form" and also exists "if significant affirmative steps were taken to conceal the offense...." U.S.S.G. § 1B1.1 comment, (n. 1(f)) (1995). " 'More than minimal planning' is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune." Id.
 
 
 7
 Here, the district court correctly found that Brooks engaged in more than minimal planning because after he was aware that the principal executive of the insurance companies had been convicted, he remained a signatory on the bank accounts but resigned as secretary and director of the companies. Brooks then travelled to Saipan, misrepresented to the Bank of Guam officials that he had authority to make withdrawals, transferred the funds into his attorney trust account and began paying his personal expenses with the money. See id.; see also United States v. Lindholm, 24 F.3d 1078, 1086 (9th Cir.1994) (noting that sophisticated plan involved more than minimal planning). Moreover, after Brooks transferred the money into his own account, he lied to the attorney for the receiver about the assets of the insurance companies. See U.S.S.G. § 1B1.1 comment, (n. 1(f)); see also United States v. Deeb, 944 F.2d 545, 547 (9th Cir.1991) (more than minimal planning involved when steps taken to conceal the offense). On this record, the district court did not err by adjusting Brooks's sentence upward because his offense involved more than minimal planning. See Robinson, 94 F.3d at 1327.
 
 3. Abuse of Position of Trust
 
 8
 Brooks next contends that the district court erred by adjusting his sentence upward for abuse of position of trust under U.S.S.G. § 3B1.3 because he did not use his skills or status as an attorney to perpetrate the crime and because the crime was readily discoverable. This contention lacks merit.
 
 
 9
 "If the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense, increase by 2 levels." U.S.S.G. § 3B1.3 (1995).
 
 
 10
 Here, Brooks's recent positions as secretary and director of the insurance companies and his status as an attorney allowed him to withdraw funds from the insurance companies' bank account at a time when the receiver for the parent corporation was attempting to locate assets. Moreover, as the attorney for the insurance companies, Brooks breached his fiduciary duty to safeguard his client's property. See id.; see also United States v. Hill, 915 F.2d 502, 506 (9th Cir.1990) (finding that primary factor distinguishing person in position of trust is extent to which position provides freedom to commit a difficult-to-detect wrong); United States v. Foreman, 926 F.2d 792, 796 (9th Cir.1991) (finding that position of trust facilitates crime if it makes it easier to commit or conceal).
 
 
 11
 Accordingly, the district court did not err by adjusting Brooks's sentence upward for abuse of position of trust. See Robinson, 94 F.3d at 1327.
 
 
 12
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because we do not reach the issue of whether the government breached the plea agreement, we need not address Brooks's claim, raised in his reply brief, that he did not receive a copy of the change of plea proceeding transcript