127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Tony JONES, Jr., Defendant-Appellant.
 No. 97-50116.
 United States Court of Appeals, Ninth Circuit.
 Oct. 27, 1997.
Submitted October 20, 1997**
 
 Appeal from the United States District Court for the Central District of California
 Alicemarie H. Stotler, District Judge, Presiding
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Tony Jones appeals his 18-month sentence following his guilty plea to one count of possession and uttering of counterfeit securities of an organization in violation of 18 U.S.C. § 513(a). Jones contends that the district court erred by enhancing his base offense level by two levels pursuant to U.S.S.G. § 2F1.1(b)(2)(A) for "more than minimal planning." We have jurisdiction pursuant to 18 U.S.C. § 3742(a). We affirm.
 
 
 3
 We review de novo the district court's interpretation of the Sentencing Guidelines. See United States v. Robinson, 94 F.3d 1325, 1327 (9th Cir.1996). We review for abuse of discretion the district court's application of the Sentencing Guidelines to the facts of the case. See id. We review for clear error the district court's factual determination that Jones engaged in more than minimal planning. See United States v. Lindholm, 24 F.3d 1078, 1086 (9th Cir.1994). We affirm.
 
 
 4
 " 'More than minimal planning' means more planning than is typical for commission of the offense in a simple form." U.S.S.G. § 1B1.1, comment. (n.1(f)) (1995); see Lindholm, 24 F.3d at 1086. " 'More than minimal planning' also exists if significant affirmative steps were taken to conceal the offense ... [or] in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune." U.S.S.G. § 1B1.1, comment. (n.1(f)); see United States v. Deeb, 944 F.2d 545, 547 (9th Cir.1993).
 
 
 5
 Here, two weeks prior to the offense, Jones and co-defendant Wright purchased counterfeit American Express traveler's checks from a supplier known as "E-Mac." Some days later, Jones went alone to E-Mac's home and purchased additional counterfeit checks at a better price. Jones then sold some of the checks to Wright and told him of E-Mac's advice that they attempt to pass the checks at Disneyland. Jones, Wright, and a third party, Walker, then went to Disneyland and passed at least twenty-four counterfeit checks at various locations. After a sales clerk notified security that she had received suspicious American Express traveler's checks, Jones and Wright were apprehended. When Jones was searched, the security officer found numerous counterfeit checks, genuine cash, a counterfeit California driver's license in the name of John Bryant Lane, and a counterfeit Social Security Card in the same name. At sentencing, the government submitted evidence that eight checks were negotiated with the name John Lane.[1]
 
 
 6
 Jones's two instances of purchasing counterfeit checks from E-Mac, sale of checks to Wright, procurement of two pieces of false identification, and negotiation of checks in multiple Disneyland locations is indicative of more than minimal planning. See U.S.S.G. § 1B1.1 comment, (n.1(f)); Lindholm, 24 F.3d at 1086. Jones contends that the court erred because there was no direct evidence that they used the false identification. However, the district court's finding is not clearly erroneous in light of the circumstantial evidence that Jones possessed false identification which matched the name on the counterfeit checks. See Lindholm, 24 F.3d at 1086. Accordingly, the district court's application of the two-level enhancement for more than minimal plannina was not an abuse of discretion. See Robinson, 94 F.3d at 1327.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 At sentencing, Jones's counsel conceded that the name of some of the counterfeit checks matched the name on Jones's false identification