**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Ruane BRANDE, Defendant—
Appellant.**

**United States of America,
Plaintiff—Appellee,**

v.

**Carmen Pharr, Defendant—Appellant.**

Nos. 01–50537, 01–50538.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 2003.

Submission Deferred June 2, 2003.

Re–Submitted Jan. 16, 2004.

Decided Jan. 21, 2004.

Becky S. Walker, Esq., Michael J. Raphael, Esq., USLA–Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Carlo A. Spiga, Esq., Spiga & Associates, Jerald L. Brainin, Los Angeles, CA, Shakti Murthy, Santa Monica, CA, for Defendant–Appellant.

Before: BROWNING, PREGERSON, and REINHARDT, Circuit Judges.

## MEMORANDUM *

The relevant facts are known to the parties and are discussed here only as necessary. Ruane Brande and Carmen Pharr were found guilty of various counts of fraud. On appeal, they raise issues with respect to the jury's impartiality, the government's closing argument, and their sentences.

### I. Jury Impartiality

Following oral argument, we remanded the defendants' claim with respect to jury impartiality with instructions that the dis-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

trict court conduct an evidentiary hearing to determine whether the incident of which they complained affected their substantial rights. *United States v. Brande*, 329 F.3d 1173 (9th Cir.2003). After holding a hearing, the district court determined that the evidence presented established that "the incident did not occur and that the reopening of the case arose from a well-meaning but erroneous report by an FBI agent...."

In their supplemental brief, the defendants contend that the FBI agent's report created a presumption of prejudice that the government failed to rebut. *See United States v. Dutkel*, 192 F.3d 893, 894 (9th Cir.1999). However, a presumption of prejudice does not arise here because the district court determined, on the basis of the record in this case and its own general practices, that no jury tampering occurred. Neither the FBI report nor any other evidence that was presented to the district court provides any support for the conclusion that the court erred in making this determination.

■ At the evidentiary hearing and in their supplemental brief, the defendants also contended that they did not receive a fair trial because some members of the jury discussed a statement by one of their fellow jurors to the effect that his religious beliefs might affect his ability to fulfill his responsibilities as a juror (a statement that he subsequently recanted). The district court found that these discussions did not prejudice the defendants to such an extent that they affected their right to receive a fair trial. We hold that the district court did not abuse its discretion in making this determination. *United States v. Long*, 301 F.3d 1095, 1101–02 (9th Cir.2002).

## II. Government's Closing Statement

■ The defendants argue that their Sixth Amendment rights were violated when the government commented during its closing argument on the prison attire that a defense witness wore when she testified at trial. Neither defendant objected to the government's comment when it was made (or to the witness's appearance in prison attire). Nor did the defendants raise the purported Sixth Amendment violation before the district court. It is therefore waived. *See, e.g., Estelle v. Williams*, 425 U.S. 501, 512–13, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976).

Even if the argument were not waived, we would reject it. The defendants offer no persuasive argument that there is a constitutional violation when the prosecution refers to a defense witness's prison garb after she testifies that she is serving a prison term, or that an incarcerated defense witness must be afforded an opportunity to testify in street clothing in the absence of a request by defense counsel.

## III. Sentencing

The defendants contend that the district court made a number of errors in sentencing. For the reasons given below, we reject each of these contentions.

### A. Intended Loss

■ The defendants argue that the district court miscalculated the intended loss from the defendants' scheme and therefore misapplied the Sentencing Guideline. Intended loss is measured by subtracting the amount that the lender could have recovered by disposing of the assets that secured the loan from the value of the loan.[1] The parties agree as to the value of the loan, but there is a dispute as to the

---

1. The 2000 edition of the United States Sentencing Guidelines applied in this case. U.S.S.G. § 2F1.1 has since been deleted and its contents consolidated into § 2B1.1.

amount that the lender could have received from disposing of the property. The trial court determined that this amount would have been equivalent to the agreed-upon purchase price for the property. Although the defendants offered some evidence to the contrary, the trial court did not commit clear error in making its determination, and thus in calculating, the intended loss and the sentence under the guideline. Moreover, the district court adequately set forth the analysis and reasoning whereby it reached its financial determination and this determination is supported by a preponderance of the evidence.

**B. Attributing the Entire Loss to Pharr**

Pharr argues that the district court erroneously attributed the entire intended loss to her. Pharr asserts that her "proximity to [the] scheme, and participation in the spoils of the plot was" remote, and that she would have benefitted only marginally. Pharr's argument is without merit. U.S.S.G. § 1B1.3 requires the court to determine the scope of the activity in which Pharr joined, not the extent of her participation in that activity. The district court properly calculated Pharr's sentence based on the scope of the entire scheme. The court furthermore accounted for the limited extent of Pharr's participation and the relatively small benefit she would have received from the scheme by applying downward adjustments under U.S.S.G. §§ 3B1.2, 5K2.0.

**C. Attempt**

■ The defendants argue for the first time on appeal that they were entitled to a 3–level reduction for having committed an "attempt," under U.S.S.G. § 2X1.1. Neither defendant raised the issue in the district court. Indeed, Brande explicitly agreed that he did *not* qualify for a reduc-

tion under this section of the guidelines because he was charged with and convicted of a completed offense. Thus, the issue has been waived. *See United States v. Hernandez–Ramirez*, 254 F.3d 841, 845 (9th Cir.2001), *cert. denied*, 534 U.S. 1030, 122 S.Ct. 567, 151 L.Ed.2d 441 (2001).

■ Even if the defendants had not waived this issue, we would reject their argument. The reduction for attempt does not apply where the defendant either 1) "completed all the acts the defendant believed necessary for successful completion of the substantive offense" or 2) "the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control." § 2X1.1(b)(1). The defendants plainly fit into the second category, because it was only through the intervention of the FBI and the lenders that the loss was prevented. Thus, neither defendant was entitled to a reduction for attempt.

**D. More Than Minimal Planning**

■ The defendants argue that the district court clearly erred in applying a 2–level enhancement for more than minimal planning. U.S.S.G. § 1B1.1(f); *United States v. Deeb*, 944 F.2d 545, 547 (9th Cir.1991). In applying the enhancement, the district court reviewed the various documents and oral misrepresentations made to carry out the scheme. The court found that the scheme included "false escrow documents, loan documents, and various misrepresentations to lenders, all of which involved more than minimal planning." The court did not clearly err in so finding. *See United States v. Lindholm*, 24 F.3d 1078, 1086 (9th Cir.1994).

**E. Two-level enhancement for abusing a position of skill or trust**

■ Pharr argues that the district court erred by applying a 2–level enhancement

under 3B1.3 on the ground that Pharr abused her position of skill as an escrow agent. Section 3B1.3 applies "[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." A special skill is one "not possessed by members of the general public and usually requiring substantial education, training or licensing." U.S.S.G. 3B1.3, comment, n. 3.

An escrow agent facilitates a transaction by serving as a neutral participant whom both parties can trust. *See United States v. Koehn,* 74 F.3d 199, 201–02 (10th Cir. 1996). Pharr violated that trust in order to participate in a criminal scheme in which one party to the transaction was also involved. Pharr also used her special skills as an escrow agent to create documents upon which lenders would rely. We therefore affirm the enhancement.

Brande joins in Pharr's argument and contends that the district court erred by applying the enhancement to him. Brande, however, waived this issue below by agreeing that that his act might constitute an abuse of a position of skill or trust and that "if the Court determines in its independent review of the circumstances that this enhancement does apply to the defendant, the defense would not raise an objection." Perhaps recognizing that the issue is waived, Brande does not seriously maintain it on appeal, making no separate argument regarding his position of skill as a real estate agent. Because Brande waived the issue, we do not reach it here.

### Conclusion

For the foregoing reasons, the judgment is

**AFFIRMED.**